# IN THE COURT OF APPEALS OF IOWA

No. 12-2041
Filed March 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONALD FULLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve,
Judge.


        Defendant appeals the district court decision denying his motion to correct
an illegal sentence.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney
General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County
Attorney, for appellee.


        Considered by Vaitheswaran, P.J., Mullins, J., and Miller, S.J.*

 *  Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Defendant appeals the district court decision denying his motion to correct an illegal sentence. On appeal, defendant asserts he received ineffective assistance of counsel on his motion to correct an illegal sentence. Counsel did not have a duty to raise the issue of whether defendant suffered from dementia because there was no evidence, or even a claim, that he suffered from dementia. We conclude the record does not show Fuller received ineffective assistance of counsel on his motion to correct an illegal sentence. We affirm the decision of the district court.

### I.    Background Facts & Proceedings

On June 1, 2005, Donald Fuller pled guilty to two counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(b) (2005). The State alleged Fuller had engaged in sex acts with his daughter when she was thirteen years old. According to police reports, the daughter stated Fuller had engaged in sex acts with her over the course of several years, beginning when she was ten years old.

A sentencing hearing was held on June 30, 2005. Fuller argued he was sixty-one years old and a prison term would constitute a life sentence for him. The district court sentenced him to ten years in prison for each offense, to be served consecutively. The reasons given for the sentence were the plea agreement, the seriousness of the offenses, and the protection of the community, including a younger daughter. Fuller did not appeal his convictions or sentence.

On October 19, 2010, Fuller filed a motion to correct an illegal sentence. He claimed his consecutive sentences constituted cruel and unusual punishment, in violation of the United States and Iowa Constitutions, because he was sixty-one years old at the time he was sentenced. He asserted that under the particular circumstances of his case the sentence was unconstitutional.

The district court denied Fuller's motion to correct an illegal sentence, finding his sentence was not unconstitutional. The court stated, "Two consecutive ten-year sentences for two counts of sexual abuse in the third-degree of a twelve- or thirteen-year-old child is a punishment that fits the crime. In fact, it is a highly appropriate sentence."[1] Fuller now appeals, claiming he received ineffective assistance of counsel on his motion to correct an illegal sentence.

## II.    Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform

---

[1]  In the district court, Fuller claimed his sentence was grossly disproportionate to his crime. Such claims are considered using a three-factor test: (1) does the defendant's sentence lead to an inference of gross disproportionality; (2) how does the sentence compare to sentences for other crimes in Iowa; and (3) how does the sentence compare to sentences for the same crime in other states. *State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012) (citing *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637, 650 (1983)).

      The first factor is a threshold test, which involves balancing the gravity of the crime against the severity of the sentence. *See State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009). This factor involves the following principles: (1) the court gives substantial deference to the penalties the legislature had established, (2) it is rare that a sentence will be grossly disproportionate to the crime; (3) a recidivist offender is more deserving of a longer sentence than a first-time offender; and (4) a court may consider the unique features of a case. *Oliver*, 812 N.W.2d at 649. The district court concluded Fuller had not met the threshold test to show his sentence was unconstitutional.

an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence that counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

### III.     Ineffective Assistance of Counsel

**A.**     The State first argues it is not clear Fuller was entitled to court-appointed counsel to pursue the motion to correct an illegal sentence. The State did not challenge the appointment of counsel at the time counsel was appointed, when counsel amended the motion, or during the hearing. The issue was raised for the first time on appeal. We conclude that because the State did not challenge the appointment of counsel for Fuller before the district court, that issue may not now be raised on appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002). Therefore, we do not consider the State's claim Fuller was not entitled to court-appointed counsel.

**B.**     On appeal, Fuller asserts he received ineffective assistance of counsel on his motion to correct an illegal sentence. He points out that he was sixty-one years old at the time of sentencing. Fuller asserts defense counsel should have presented evidence of "advanced age coupled with some appropriate evidence of diminished brain function or dementia" at the hearing on his motion. He asks the court to remand the case to give him "an opportunity to present additional evidence regarding whatever unique characteristics render the sentence in this case cruel and unusual."

A claim of ineffective assistance of counsel is an exception to the traditional rules of error preservation. *State v. Brothern*, 832 N.W.2d 187, 191 (Iowa 2013). Additionally, under Iowa Rule of Criminal Procedure 2.24(4)(a), a defendant may challenge an illegal sentence at any time. *Bruegger*, 773 N.W.2d at 869. We conclude we may address Fuller's claims although they have been raised for the first time on appeal.

Once counsel has been appointed for a party, that party has the right to the effective assistance of counsel. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). In claiming ineffective assistance of counsel, however, a party "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Id.* A party should "propose what an investigation would have revealed or how anything discovered would have affected the result obtained below." *Id.*

We first note there was no evidence Fuller suffered from diminished brain function or dementia at the time of the hearing on his motion to correct an illegal sentence. We note Fuller does not affirmatively state he has a condition of this type. Instead, he raises the possibility he might have some type of condition and asks to have the case remanded to give him the opportunity to develop these issues. We conclude he has not adequately proposed what further investigation of his mental condition would reveal. *See id.*

Furthermore, even if Fuller had diminished brain function or dementia now, this does not mean he suffered either of those conditions at the time of

sentencing. There is no evidence in the record, and no claim, that Fuller suffered from diminished brain function or dementia when he was sentenced in 2005, more than seven years before the present hearing. In fact, at the plea hearing Fuller denied he had any difficulty understanding the advice of counsel or the questions from the court. Also, the presentence investigation report (PSI) shows that although Fuller had been prescribed medication for heart problems, sleep apnea, and acid reflux, he denied ever having treatment for mental health concerns. Further, the transcripts from the plea and sentencing hearings show Fuller answered questions appropriately.

Counsel did not have a duty to raise the issue of whether defendant suffered from diminished brain function or dementia because there was no evidence, or even a claim, that at the time of sentencing he suffered from either of these conditions. Because we have determined Fuller has not shown counsel breached an essential duty, we do not address the issue of prejudice. *See Hannan v. State*, 732 N.W.2d 45, 52 (Iowa 2007) (noting that if a defendant has not shown the breach of an essential duty, the defendant has not shown ineffective assistance of counsel). We conclude the record does not show Fuller received ineffective assistance of counsel on his motion to correct an illegal sentence. We affirm the decision of the district court.

**AFFIRMED.**