# IN THE COURT OF APPEALS OF IOWA

No. 13-1057
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEONARD TERRELL HAYNES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt (pre-plea) and George L. Stigler (pre-plea, plea, and sentencing), Judges.

        Leonard Haynes appeals from the judgment and sentence entered following his guilty plea to possession of a controlled substance, third offense, and operating while intoxicated. **AFFIRMED.**

        Tod J. Beavers of Law Offices of Tod J. Beavers, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brian Williams, Jeremy Westendorf, Brad Walz, and Shana Schwake, Assistant County Attorneys, for appellee.

        Heard by Danilson, C.J., and Doyle and Tabor, JJ.

**PER CURIAM.**

Leonard Haynes appeals from the judgment and sentence entered following his guilty plea to possession of a controlled substance, third offense, and operating while intoxicated. We affirm.

## I.     *Background Facts and Proceedings*

In October 2011, police observed Haynes driving a vehicle with expired registration. Police activated emergency lights to conduct a traffic stop, and Haynes "slow rolled" for thirty seconds or so before coming to a stop as if he was attempting to conceal contraband. Police approached Haynes's vehicle and noticed Haynes's mouth was filled with flakes of marijuana, and Haynes was "continuously swiping his tongue all around his mouth trying to clean out the marijuana." When he spoke, police smelled "a very strong odor of fresh marijuana." When asked how much marijuana he had eaten, Haynes first replied, "[N]ot that much," but then said he had not eaten any marijuana. Haynes stated he had smoked marijuana approximately twenty minutes earlier so "that's what it must be from."

Haynes had slurred speech and bloodshot, watery eyes. Police performed field sobriety tests and invoked the implied consent procedure. Haynes refused to submit a sample for chemical testing.

Haynes was charged with possession of a controlled substance, third offense, in violation of Iowa Code section 124.401(5) (2011), and operating while intoxicated, in violation of section 321J.2. Haynes retained attorney Raphael Scheetz and pled not guilty.

In July 2012, the court allowed attorney Scheetz to withdraw and appointed the public defender. Due to the public defender's "heavy overload of cases," the district court appointed attorney Ryan Tang. In November 2012, the court allowed attorney Tang to withdraw and reappointed the public defender.[1] Public Defender Dustin Lies was appointed to represent Haynes.

Meanwhile, Haynes decided he wanted to plead guilty. A guilty-plea hearing was held on February 28, 2013, but aborted after the district court noted, "the court has determined the defendant's heart is not in taking his plea at this time." The court set Haynes's case for a jury trial on March 19, with a final pretrial conference set for March 15.

On March 15, Haynes voiced complaints about attorney Lies's representation and requested a new attorney. The court denied Haynes's request for a new attorney and concluded the hearing, stating Haynes's trial would start the following week. Less than two hours later, Haynes reappeared before the court with attorney Lies and entered a plea of guilty. Following the hearing, the court accepted Haynes's plea and set a sentencing hearing for June 3.

On March 21, Haynes filed a handwritten document raising concerns he had with the plea proceedings. On March 27, the court entered an order treating Haynes's filing as a motion in arrest of judgment and setting it for hearing on June 3.

---

[1] Meanwhile, a warrant had been issued for Haynes's arrest following his failure to appear; as a condition of the warrant being removed, Haynes agreed to waive his right to have a trial within one year of his arraignment.

At the hearing on June 3, the court brought up Haynes's motion in arrest of judgment and received Haynes's argument on the motion. Without formally discussing its ruling, the court implicitly denied the motion by proceeding to the sentencing portion of the hearing. Following the hearing, the court entered an order sentencing Haynes to a suspended prison term for the possession charge and thirty days in jail for the operating-while-intoxicated charge. Haynes subsequently filed a motion to reconsider, and the court reduced the thirty-day sentence to a ten-day sentence.

Haynes appeals.

## II. Motion in Arrest of Judgment

Haynes raises several issues concerning the denial of his motion in arrest of judgment. We turn first to his claim that "error occurred when [his] pro se motion in arrest of judgment was not heard and ruled on within the mandatory thirty days of the filing of the motion."

"A motion in arrest of judgment shall be heard and determined by the court within 30 days from the date it is filed, except upon good cause entered in the record." Iowa R. Crim. P. 2.24(3)(f). "The time provision of the rule is intended to expedite disposition of criminal cases." *State v. Hilleshiem*, 305 N.W.2d 710, 718 (Iowa 1981) (discussing rule 2.24(3)(f), formerly numbered as rule 23(3)(f)). "[T]he rule plainly implements interests of the accused and the public in having prosecutions expeditiously concluded, [h]owever, unlike rule [2.33 (speedy trial)], no express sanction is provided for a violation." *Id.* (internal citation omitted); *see* Iowa R. Crim. P. 2.33(2)(b) ("If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to

trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.").

Here, on March 21, 2013, six days after Haynes entered his guilty plea, he filed a handwritten document, stating:

> On day approx.: 3-1-13 I entered your court complaining about my position with my case. Very uncomfortable with my Public Defender (Dustin Lies). I was refused to drop Mr. Dustin Lies at pretrial 3-15-13 after he continued to lye [sic] about my offer from the State (Shana). Judge Stigler was present that day. I don't feel Judge was fair to me and I like for the minutes of these court appearances to be pulled up for investigation, because Mr. Dustin Lies will be caught lying to me and you. Mrs. Shana for the State offered me less time than my public defender asked for in court on 3-15-13.
> Dustin Lies (Public Defender) never looked out for my best interest nor spoke in my favor.
> I'm a student at Hawkeye College, a single parent (five year old daughter) and work everyday for Arline Properties (Boss Roger).
> Dustin Lies refused to speak for his client in any good way.
> P.S. May I have a response. I like to be heard. Leonard Haynes.

On March 27, the court entered an order indicating it was treating Haynes's filing as a motion in arrest of judgment and setting it for hearing on June 3. The matter was heard and implicitly denied on June 3, forty-four days after expiration of the thirty days provided for in rule 2.24(3)(f).

Even if the district court had no good cause for the delay in ruling on defendant's motion in arrest of judgment beyond the expiration of the thirty days provided for in rule 2.24(3)(f), such delay does not require reversal where no injurious effect was shown. *See Hilleshiem*, 305 N.W.2d at 718. Here, Haynes does not offer any explanation how the delay was to his detriment. He was not in custody during the relevant time period, and he did not challenge the date of the

hearing. We cannot find any indication of prejudice in this record. In short, Haynes has not shown any "injurious effect" by the delay. *See id.*

In any event, as just mentioned, on March 27, the court entered an order setting Haynes's motion for hearing on June 3. If Haynes was concerned with the timeliness of the hearing, he could have—and should have—objected and requested an earlier hearing. *See State v. Anderson*, 308 N.W.2d 42, 50 (Iowa 1981) ("[N]o express sanction is provided for a violation of [rule 2.24(3)(f)]. The record does not show that defendant requested a speedy ruling on the motion for new trial or that he was prejudiced by the delay. Therefore, we impose no sanction under this record."); *see also Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("'It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.'" (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))). We affirm on this issue.

Haynes also contends "the whole record shows no judgments can be pronounced on [his] two pleas of guilty." *See* Iowa R. Crim. P. 2.24(3)(a) ("A motion in arrest of judgment . . . shall be granted when upon the whole record no legal judgment can be pronounced."). In support of this claim, Haynes alleges defense counsel lied about the plea offer where "the State offered [him] less time than [defense counsel] asked for in court on 3-15-13." Our review of this claim is for abuse of discretion. *See State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002) ("We review a denial of a motion in arrest of judgment for abuse of discretion and will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable.").

At the March 15 hearing, the parties discussed the proposed plea agreement:

> STATE: The State will be recommending on Count I a five-year prison sentence, suspended, the $750 fine would also be suspended, and in Count II the State will be recommending 365 days, all but two of that suspended. Those two counts are to be concurrent with each other, and the defendant would be placed on one to two years supervised probation.
> COURT: Do you agree with that, Mr. Lies?
> DEFENSE COUNSEL: Yes, Your Honor. On the felony it would be the two to five years probation, one to two years on the Operating While Intoxicated, both of those counts running concurrent. That is in agreement with what we understood the plea agreement to be.
> COURT: Did you hear, Mr. Haynes, what the attorneys just said?
> DEFENDANT: Yes
> COURT: And do you agree with that, that that is the agreement?
> DEFENDANT: Yes.

The court accepted Haynes's pleas and further stated, "You understand the penalties attached to these pleas."

Thereafter, at the June 3 hearing, Haynes argued his claim that defense counsel lied about the plea agreement.[2] The following colloquy ensued:

> COURT: Well, first, let's define our terms. What offer are you talking about, Mr. Haynes?
> DEFENDANT: Well, the offer which I knew about was one to two years [probation] and two days in jail and that is what I was clear of.
> COURT: And who told you about that offer?
> DEFENDANT: Well, she [prosecutor Schwake] came into the courtroom that day. She spoke that day.
> COURT: So she again spoke to you as well?
> DEFENDANT: She spoke to the court once she—once you sent for her and brought her up. She mentioned that same offer. Then he [defense counsel Lies] stood up and added more.
> COURT: Well, are talking about things that occurred during the guilty plea proceeding?

[2] The same judge presided over both the March 15 and June 3 hearings.

DEFENDANT: During the acceptance of the—yeah, what she was offering.

COURT: Well, that is on the record. So whatever the—what is the plea on this or that agreement on this, Ms. Schwake?

STATE: Your Honor, on Count I, the agreement was for a five-year suspended prison sentence. The $750 fine would be suspended, substance abuse evaluation and 180-day driver's license revocation, law enforcement initiative fees, a D.A.R.E. surcharge and for that count the defendant would be placed on two to five years supervised probation. On Count II, the agreement would be for a 365-day jail sentence, all but two of that to be suspended, the $1250 fine, that the defendant would be placed on one to two years supervised probation on that count. That he complete a drinking drivers school and that he complete a substance abuse evaluation and any recommendations in that evaluation.

COURT: Is that your understanding as well, Mr. Lies?

DEFENSE COUNSEL: That was my understanding, Your Honor, and to make the record clear I had discussed that at length with Mr. Haynes. He had mentioned many times that there was a previous offer made and I would know he's had prior attorneys on this case. I explained to him that that was the offer at this point. I also explained to him I would be more than happy to represent him at trial if that's the route he chose. I also advised him given his multiple past felonies he could be facing an enhancement as a habitual violator and the State was not doing that at this point. I told him that was not to dissuade him from any choices he might make, but whatever he wanted to do is what we would follow through with. He's been hostile and borderline threatening. I did try to work with him and get that understanding and at points he would indicate to me that he understood that offer, wanted to accept that offer. However, he was under the impression at some point that he was being offered just one year or one to two years of probation. I advised him that was not the case. I believe the court advised him as well on the record during the plea proceeding.[3] But I think that's his major issue, I guess among other things. My understanding is what Ms. Schwake explained. That has always been my understanding in what I have attempted to convey to Mr. Haynes.

COURT: What other plea has been offered to you?

DEFENDANT: Well, that is to me, the question?

COURT: Yes.

_____

[3] The court did state the terms at the hearing earlier in the day on March 15. Also, at the February 28 hearing, the court told Haynes if he accepted the State's plea offer, "[Y]ou're going to be on probation for two to five years and if you mess up the probation, you can go to prison. You understand that," to which Haynes responded, "Yeah."

DEFENDANT: She [prosecutor Schwake] spoke different from what he did the prior time she was present in front of us. She added on what he requested after she had spoke. This is the first time I—the second time I heard her speak about her offer. The she upgraded it, so—

COURT: Are you telling me that you and Ms. Schwake had a personal one-on-one conversation?

DEFENDANT: No, I said—no, I'm not. I'm saying when you brought her up here on March the 15th I believe. Sometime in March, she offered one to two years and—you actually—she spoke, but didn't speak about—he [defense counsel Lies] raised up after her and added on the fact—

COURT: The record reflects what was said. So we're not going to plow that ground again. Nobody faked the record on you and it reflects what it said. So we will go from there. Ms. Schwake, what is your recommendation?

STATE: Your Honor, the State would request that you follow the recommendations as set forth by the State.

COURT: Okay. Mr. Lies.

DEFENSE COUNSEL: Your Honor, to clarify what Mr. Haynes's misunderstanding is, during the plea proceeding Ms. Schwake did indicate the plea agreement. She did not, however, mention the two to five years of supervised probation on Count I which would be applicable for the felony charge. She didn't mention that and I stated on the record so that the deal would be preserved, the two to five years of probation, which is what Mr. Haynes is referring to. But that is my understanding and that is what in my estimation is a very generous plea offer given Mr. Haynes's history and the circumstances.

Haynes's challenge essentially boils down to defense counsel's *clarification* of the full terms of the plea agreement at the March 15 hearing, where defense counsel stated, "On the felony it would be the two to five years probation, one to two years on the Operating While Intoxicated, both of those counts running concurrent. That is in agreement with what we understood the plea agreement to be." Haynes then stated he agreed counsel accurately stated the plea agreement.

Considering the explanation provided by defense counsel in response to Haynes's argument on his motion in arrest of judgment, Haynes's personal

agreement that defense counsel had accurately stated the plea agreement, and the fact that a two to five year term of probation was the most lenient sentence allowed by law for Haynes's felony possession offense,[4] we conclude the district court did not abuse its discretion in denying Haynes's claim that defense counsel "lied" about, or added time to, the plea agreement.

Haynes also challenges defense counsel's representation, claiming attorney Lies "never looked out for [his] best interests" and "refused to speak for [him] in any good way."[5] As Haynes argued at the June 3 hearing:

> DEFENDANT: . . . Supposed to be the honest truth out there. Yeah, my record—you know I explained it to him [defense counsel Lies] privately. Ain't the best record, but it sure ain't a gang banger record. In the times I had got caught with some drugs here was a joint in '02 and they say that I swallowed a joint now and that was about all. . . . [But the] only thing he was showing me is what is against me. I was explaining to him I was you to try to clear me up a little bit. You see how I been doing. I showed him my—
> COURT: What should [defense counsel] have done to clear you up?
> DEFENDANT: I mean he's done nothing to try to—
> COURT: That isn't the question. The question is what should he have done to clear you up?
> DEFENDANT: He should have spoke to the courts on my better behalf.
> COURT: What should he have said?
> DEFENDANT: Explaining, well, this man prior to the two or three drug cases, usage cases he picked up since he been here 13 years, the man in custody of his daughter, he have—he the head man, take her to school, he feeds her, he pays rent for her. The man—he could have brushed my character up a little bit.

The court expressed doubt that the State would have dismissed the charges against Haynes or offered a more lenient plea agreement than a suspended

---

[4] *See* Iowa Code § 907.7(1)-(2) (setting the minimum and maximum probation terms).
[5] Insofar as Haynes claims he "repeatedly requested Dustin Lies replacement," we address that issue below in conjunction with his claim regarding the denial of substitute counsel.

sentence. Haynes disagreed, reiterating his claim that the State would have given him "one to two years [probation][6] and two days in jail." The court then stated:

> Let's end this, sir. Because that sentencing option is not one that's on the floor. A class D felony in the state of Iowa carries a not more than five years in prison and whether that is actual commitment or suspended sentence, that is what it carries. There is no option for a one to two year in jail sentence on the possession third. So nobody told you that.

Insofar as Haynes claims defense counsel failed to secure a sentence not allowed by statute for his felony conviction, his claim is not persuasive. Haynes was caught eating marijuana by police, and he admitted to driving twenty minutes after smoking marijuana. As the district court noted, Haynes has a serious criminal history, including a conviction for first-degree murder.[7] We agree with defense counsel's observation that the State's plea offer was "very generous" "given Mr. Haynes's history and the circumstances." Considering these facts and circumstances, we affirm the district court's implicit denial of Haynes's motion in arrest of judgment.[8]

### III. Substitute Counsel

Haynes challenges the denial of his requests for a new attorney to replace defense counsel Lies and the court's failure to properly inquire into the need for substitute counsel. We review this claim for abuse of discretion. *See State v.*

---

[6] At the aborted March 15 plea hearing, Haynes claimed the prosecutor offered him one year probation.

[7] The Presentence Investigation report indicates an Illinois conviction for first degree murder with a twenty-year prison sentence. Haynes was discharged from parole for that offense in 2001.

[8] In any event, as we note below, Haynes failed to preserve error on his remaining challenges relating to his motion in arrest of judgment.

*Lopez*, 633 N.W.2d 774, 778 (Iowa 2001) ("Our review of a district court's denial of a request for substitute counsel is for abuse of discretion.").

A defendant has a right to counsel at all critical stages of the criminal process. *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007). No defendant, however, has an absolute right to be represented by a particular counsel. *State v. Kirchner*, 600 N.W.2d 330, 333 (Iowa 1999). The grounds to justify the appointment of substitute counsel include a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the defendant and counsel. *Boggs*, 741 N.W.2d at 506; *State v. Martin*, 608 N.W.2d 445, 449 (Iowa 2000). The court must balance the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice. *Hannan v. State*, 732 N.W.2d 45, 55-56 (Iowa 2007).

When the court receives a request from a defendant for substitute counsel, the court has a "duty of inquiry." *State v. Wells*, 738 N.W.2d 214, 219 (Iowa 2007). Here, Haynes claims he requested substitute counsel for defense counsel Lies at the hearings on February 28, March 15, and June 3.

*A.* *February 28 hearing.*

Although Haynes expressed dissatisfaction with attorney Lies's representation at the February 28 hearing, Haynes did not request attorney Lies be substituted with new counsel. The following colloquy took place on the issue of defense counsel's representation at the February 28 hearing:

> COURT: Are you satisfied with the representation that Mr. Lies has provided for you?
> DEFENDANT: I had—It's the best I had to get—It's the best I had to—
> COURT: We don't do that. It has to be a yes or no.

DEFENDANT: I mean I wasn't really satisfied with nobody who I was appointed to, I just ain't have no money to have my own representative so I didn't complain too much. I got to roll with the punch.

COURT: Okay. Mr. Haynes, are you satisfied with the representation that Mr. Lies provided you or not? Yes or no.

DEFENDANT: As of now, yes.

COURT: No, yes or no.

DEFENDANT: Yes.

The court then aborted the guilty plea hearing and scheduled trial, noting "the defendant's heart is not in taking his plea at this time." Because we do not interpret Haynes's remarks as a request for substitute counsel, we therefore conclude Haynes did not preserve error as to the February 28 hearing. *See Lamasters*, 821 N.W.2d at 862 (reiterating issues must be both raised and decided by the district court before we will decide them on appeal).

B. *March 15 hearing.*

Haynes did lodge a request for new counsel that the court addressed—and denied—at the March 15 hearing. At that hearing, the following colloquy took place as Haynes explained the reason for his request:

DEFENDANT: I am—well, I am really trying to say we having a conflict of view. We don't view things the same and he seem to can't remember what he's telling me about my offers, that I have been trying to accept. But every time I accept, he changing it and adding more to the offer and, you know, don't seem like we can never be on the same page.

[More discussion between Haynes and the court about the sentence Haynes believed was offered by the State.]

COURT: That is not an offer and no one would ever make an offer to you because that is not a sentence. That is, standing out there alone, meaningless. I have told you before, the options are not more than five years. You go to prison, not more than five years, suspended or deferred judgment. There is no such sentence as one year probation standing alone on this charge. If you tell me something that you have not told me, I will consider your offer, but if all you're going to do is go this circuitous route of

meaningless drivel, I will tell you that you're going to stay with Mr. Lies.

Upon our review of the record, we cannot say the district court abused its discretion in denying Haynes's request for substitute counsel. The court inquired into Haynes's concerns about defense counsel's representation and determined Haynes's request was based on his general complaints regarding his counsel's failure to gloss his significant criminal history and obtain a plea offer that included an invalid sentence for his felony offense. Haynes failed to establish sufficient cause to justify substitute counsel. Haynes was given more than an adequate opportunity to voice his complaints to the court, and the court reasonably exercised its discretion in denying his request for substitute counsel.

Moreover, even if the court had delved further into Haynes's complaint, Haynes has not shown he was prejudiced by the court's denial of his request. The district court did not accept a plea from Haynes at that hearing; instead, the court adjourned the hearing and left Haynes's trial scheduled for the following week. Within several hours, Haynes reappeared before the court with attorney Lies, stating he wanted to enter a plea. The following exchange took place:

> COURT: Mr. Haynes, do you feel you have had an adequate opportunity to talk to your attorney and get his advice as to how you should proceed?
> DEFENDANT: Yes.
> COURT: And earlier this date we had a recorded conversation, we made a record about your intent or desire at that time to remove Mr. Lies as your attorney. Do you remember that conversation that occurred roughly an hour or so ago?
> DEFENDANT: Yes.
> COURT: And that was on the record and by that I mean there was a reporter, this reporter there, and she took down everything that was said in that proceeding. Do you understand that?
> DEFENDANT: Yes.

> COURT: And at that time it was your intent to remove Mr. Lies as your counsel. And so I would ask you at this point whether Mr. Lies has now answered any and all questions that you had of concern as to what you're doing here now?
> DEFENDANT: Yes.

Because Haynes had apparently resolved his dispute with attorney Lies by the time he entered his plea, any argument he was prejudiced by the court's failure to appoint substitute counsel would be unpersuasive. A defendant must show the grounds to justify substitute counsel, and the court has considerable discretion whether to grant substitute counsel. *See Boggs*, 741 N.W.2d at 506; *see also State v. Mott*, 759 N.W.2d 140, 148-49 (Iowa Ct. App. 2008). We affirm on this issue.

### C. *June 3 hearing.*

At the June 3 hearing, set forth in relevant part above, Haynes again discussed his dissatisfaction with attorney Lies's representation. He did not, however, renew his request for substitute counsel, and in fact, appeared to represent himself. Indeed, at the hearing, attorney Lies informed the court, "I have had little to no contact with Mr. Haynes, Your Honor. He's been hostile, would be putting it nicely, towards me and doesn't have a lot of contact with me . . . ."

Even assuming at this point the court had a duty to inquire about the breakdown in communication, *see State v. Tejeda*, 677 N.W.2d 744, 750 (Iowa 2004) ("[T]here is a duty of inquiry once a defendant requests substitute counsel on account of an alleged breakdown in communication."), Haynes's claim still fails because he cannot show prejudice. *See State v. Lopez*, 633 N.W.2d 774, 779 (Iowa 2001) ("[A] defendant must show prejudice when the court denies a

motion for substitute counsel."). The facts and circumstance discussed above provided a factual basis for Haynes's plea, and the plea offer presented by the State was "very generous" considering the facts and circumstances of this case. We affirm on this issue.

## IV. Guilty Plea

Haynes contends "error occurred when [his] two pleas of guilty were accepted even though the pleas were the result of the court's threat to [him], were not voluntary and intentional, and did not have a factual basis." We do not reach these claims because they are not properly before us. "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a).

Haynes's motion in arrest of judgment did not raise claims regarding the voluntariness or factual basis of his guilty plea, only the issues addressed above. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011) (holding a failure to file a motion in arrest of judgment prevents challenges to a guilty plea on appeal). Accordingly, he cannot challenge these aspects of the plea proceeding on appeal.

## V. Conclusion

Upon consideration of the claims properly before us, we affirm the judgment and sentence entered following Leonard Haynes's guilty plea to possession of a controlled substance, third offense, and operating while intoxicated.

**AFFIRMED.**