**IN THE COURT OF APPEALS OF IOWA**

No. 13-0445
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**COLLIN RUSH-BRANTLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Gary D. McKenrick

(trial) and Mary E. Howes (motions), Judges.


        Collin Rush-Brantley appeals his conviction for two counts of delivery of a

controlled substance.  **REVERSED AND REMANDED FOR NEW TRIAL.**


        Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney

General, Michael J. Walton, County Attorney, and Dion Trowers and Amy

Devine, Assistant County Attorneys, for appellant.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Collin Rush-Brantley appeals his conviction for two counts of delivery of a controlled substance. Rush-Brantley claims he did not knowingly and intelligently waive his right to counsel, the district court erred in denying his motion to continue, there was insufficient evidence to support his conviction, and his sentence was illegal. The State concedes Rush-Brantley's waiver of his right to counsel was deficient. We find the district court failed to inform Rush-Brantley of the usefulness of counsel and did not adequately inform him of the danger of proceeding without an attorney. Accordingly, we reverse and remand for new trial, and do not address the remainder of Rush-Brantley's arguments.

## I.     Background Facts and Proceedings

Collin Rush-Brantley was arrested and charged with two counts of delivery of a controlled substance and one count of failure to affix a drug tax stamp, following two controlled buys conducted by police. The facts of the controlled buys are not important for purposes of this appeal.

During the pretrial process Rush-Brantley fired several defense attorneys. He also filed a series of unusual pretrial motions and affidavits from different fact witnesses. At one point he appointed his mother "executive (and one and only) attorney," "attorney in fact," and "agent." His mother is not a licensed attorney in this State. Later, he requested permission to proceed without legal representation, which was granted by the district court after two separate colloquies.

Rush-Brantley was found guilty by a jury. He was sentenced to a term not to exceed ten years of imprisonment on each count and a $1000 fine for each count, with the fine suspended and the prison sentences to run concurrently.

## II. Standard of Review

Our review of the constitutional challenges raised by Rush-Brantley is de novo. *See State v. Cooley*, 608 N.W.2d 9, 13 (Iowa 2000).

## III. Discussion

Rush-Brantley claims his right to counsel was violated due to an ineffective waiver of his rights. The State concedes the issue.

Under the Sixth Amendment to the United States Constitution, a defendant has a right to counsel at all critical stages of a criminal prosecution. *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). A proper waiver of this right must be made voluntarily, knowingly, and intelligently. *Hannan v. State*, 732 N.W.2d 45, 52 (Iowa 2007). When determining whether a defendant is voluntarily, knowingly, and intelligently waiving his right to representation of counsel, a district court is required to inquire into a number of areas, and must inform the defendant of the "dangers and disadvantages inherent in self-representation." *Id.* at 53. This includes being "admonished as to the usefulness of an attorney at that particular proceeding, and made cognizant of the danger in continuing without counsel." *Id.*

The district court engaged in two separate colloquies with Rush-Brantley to inquire into the nature of his waiver of his right to representation of counsel. Never did the district court explain the dangers of self-representation or discuss

with Rush-Brantley the advantages of having competent and trained legal counsel representing his interests. Without this discussion, Rush-Brantley's waiver was not effective. Accordingly, his conviction must be reversed and the case remanded for new trial. We do not address the remainder of Rush-Brantley's arguments.[1]

**REVERSED AND REMANDED.**

---

[1] The State urges us to address Rush-Brantley's sufficiency of the evidence claim despite conceding the case should be remanded for new trial. We see no reason to review the basis for the jury's conclusions when a new trial will occur regardless of our determination on the issue.