# IN THE COURT OF APPEALS OF IOWA

No. 14-1870
Filed April 27, 2016

**SHAWN DESHAY HOOSMAN,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

A defendant appeals the district court's dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Shawn Deshay Hoosman appeals the dismissal of his application for postconviction relief (PCR). Hoosman claims the district court erred in concluding he failed to preserve his ineffective-assistance-of-counsel claims for PCR proceedings. He also asserts his PCR counsel rendered ineffective assistance if an adequate record was not made. We agree the district court erred by dismissing the claims on error-preservation grounds, and therefore, we reverse and remand this matter for a ruling on the merits of Hoosman's PCR application.

In July 2008, Hoosman was convicted of several drug-related offenses and for driving while barred. His conviction and sentences were affirmed on appeal. *State v. Hoosman*, No. 09-0067, 2010 WL 1579428, at *1 (Iowa Ct. App. Apr. 21, 2010). Hoosman filed a pro se PCR application in 2010 that ultimately raised thirteen claims of ineffective assistance of counsel, and a PCR hearing was held on May 27, 2014. After receiving testimony and exhibits, the district court issued its ruling dismissing all of Hoosman's claims. The court found Hoosman failed to preserve error on his ineffective-assistance-of-counsel claims because he had not asserted them in his direct appeal, raising them for the first time in his PCR application.

On appeal, Hoosman claims the court's dismissal was in error. On our review, we agree. *See Castro v State*, 795 N.W.2d 789, 792 (Iowa 2011) (holding our review of the district court's dismissal of a PCR application is for errors at law).

Iowa Code section 814.7(1) and (2) (2009), provides:

> 1. An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822, except as otherwise provided in this section. *The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes.*
> 2. A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal.

(Emphasis added.) The State agrees the district court erred in its dismissal of the action on error-preservation grounds but asserts, "[T]he district court followed the wrong path to reach the correct result." It urges us to affirm the dismissal by finding Hoosman failed to overcome the presumption counsel was effective and by finding Hoosman failed to prove prejudice because of the overwhelming evidence of his guilt presented at the criminal trial. The State also claims the PCR record is incomplete so as not to allow for a fair review of Hoosman's claim against PCR counsel's representation.

We conclude the district court erred when it dismissed Hoosman's ineffective-assistance-of-counsel claims based on his failure to raise the claims on direct appeal. Since Iowa Code section 814.7 was enacted in 2004, it has been the law of this state that an ineffective-assistance claim need not be raised on direct appeal for it to be raised in a PCR proceeding. *See State v. Johnson*, 784 N.W.2d 192, 197 (Iowa 2010). In addition, this statute has been held to be retroactive and applicable to all criminal cases. *Hannan v. State*, 732 N.W.2d 45, 50–51 (Iowa 2007).

We decline the State's invitation to address the merits of Hoosman's claims for the first time on appeal. The district court is in a better position to

make the necessary credibility assessments, having heard the evidence first hand. We will not usurp the PCR court's role by ruling on the substance of the ineffective-assistance claims before the PCR court has addressed them. We therefore reverse the district court's dismissal of Hoosman's PCR application and remand for a ruling on the merits from the record already created.[1] We do not retain jurisdiction.

**REVERSED AND REMANDED.**

---

[1] Because we are reversing and remanding for the court to rule on Hoosman's claims that his criminal trial counsel was ineffective, we need not address Hoosman's claim that his PCR trial counsel was ineffective.