# IN THE COURT OF APPEALS OF IOWA

No. 15-0545
Filed November 9, 2016

**JEREMY D. YOCUM,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Des Moines County, John G. Linn,

Judge.

     Applicant appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

     Thomas A. Hurd of Glazebrook, Moe & Hurd LLP., Des Moines, for

appellant.

     Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, for appellee State.

     Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

In January 2011, following a guilty plea, Jeremy Yocum was convicted of failure to appear for sentencing, in violation of Iowa Code section 811.2(8) (2007). In 2013, Yocum filed the instant application for postconviction relief. Yocum contended his plea counsel was ineffective in (1) failing to move to dismiss the trial information on double-jeopardy grounds and (2) wrongly advising Yocum his sentence for the failure-to-appear conviction would be served concurrent with a federal prison sentence. Yocum raised two additional pro se claims. The postconviction court denied all the claims and dismissed Yocum's application for postconviction relief. Yocum timely filed this appeal.

On appeal, Yocum does not raise any issue presented to and decided by the postconviction court. Instead, he asserts an entirely new claim—his postconviction counsel was ineffective in failing to raise the claim Yocum's plea counsel was ineffective in allowing Yocum to plead guilty to the offense in the absence of a factual basis supporting the guilty plea. By way of background, in March 2008, Yocum pleaded guilty to conspiracy to manufacture less than five grams of methamphetamine. He was scheduled to be sentenced later in 2008, but he absconded from the Iowa Residential Treatment Center prior to sentencing and failed to appear for the scheduled sentencing hearing. His conviction at issue in this appeal arises out of his failure to appear for the sentencing hearing in 2008. Yocum now contends that there was no factual basis for the guilty plea because his placement at the Iowa Residential Treatment Center was not a "release pursuant to this section" within the meaning of section 811.2.

We first address the issue of error preservation. As a general rule, an issue is not preserved for appellate review unless the issue was first presented to and decided by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (observing that an issue is preserved for review if it has been "raised and decided by the district court"). One exception to this rule, however, relates to constitutional claims of ineffective assistance of counsel. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). The Iowa Supreme Court has extended this exception to include statutory claims of ineffective assistance of postconviction counsel, concluding it is better to take a "pragmatic approach" rather than requiring a litigant to "file a new postconviction relief action based on ineffective assistance of postconviction relief counsel for failure to raise the issue in the original postconviction relief proceeding." *Hannan v. State*, 732 N.W.2d 45, 50 n.1 (Iowa 2007); *see also Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994) (recognizing statutory right to the effective assistance of postconviction-relief counsel). The issue is thus available for appellate review.

To establish his claim, Yocum must establish by a preponderance of the evidence that his postconviction counsel failed to perform an essential duty and prejudice resulted. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). With respect to the underlying claim regarding the ineffective assistance of plea counsel, "counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis

to support defendant's guilty plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "Prejudice is presumed under these circumstances." *Id.* at 764–65.

The postconviction-relief record here is inadequate to address the substance of the claim. At the time of the guilty plea, the district court made an extensive record regarding the factual basis for the plea due to the district court's concern that placement at the Iowa Residential Treatment Center was not a "release" within the meaning of chapter 811. Ultimately, after reviewing the relevant file and making additional record, the district court accepted Yocum's guilty plea. In this appeal, the parties dispute under what authority Yocum was placed at the treatment center pending sentencing. The placement order is contained in the underlying criminal file and is not part of the record in this appeal. We are thus unable to resolve the substance of the claim without resort to speculation and conjecture. We preserve the claim for further postconviction-relief proceedings. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (preserving claim of ineffective assistance of postconviction counsel for further postconviction-relief proceedings).[1]

---

[1] Although our case law has preserved claims of ineffective assistance of postconviction counsel where the record is inadequate to decide the claim on the merits, there does not appear to be any statute authorizing preservation of such a claim for subsequent postconviction-relief proceedings. Iowa Code section 814.7(3) authorizes the preservation of ineffective-assistance-of-counsel claims only on direct appeal from a "criminal proceeding." Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). "[P]ostconviction relief proceedings are not criminal proceedings, but rather are civil in nature and are triable at law to the court." *Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991) (emphasis in original omitted). Because a postconviction-relief proceeding is a civil proceeding rather than a "criminal proceeding," section 814.7(3) is inapplicable here. Nonetheless, because our case law has, at least implicitly, approved the practice, we preserve Yocum's claim.

We address a final issue. Yocum raises a separate challenge in his pro se brief. Yocum appears to challenge the legality and propriety of the conviction and sentence on the ground that the underlying criminal charge for which he was to be sentenced ultimately was dismissed after Yocum was convicted of federal drug charges relating to the same conduct. Yocum's arguments are without merit. We can add nothing to the district court's resolution of these claims and adopt its findings and conclusions as our own.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**