# IN THE COURT OF APPEALS OF IOWA

No. 16-1465
Filed October 25, 2017

**ANTHONY LAVEAL MOODY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Lee (South) County, John M. Wright, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Eric D. Tindal of Nidey Erdahl Tindal & Fisher, PLC, Marengo, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Convicted of four drug crimes in two consolidated cases, Anthony Moody appeals the denial of his application for postconviction relief. Moody first claims his criminal trial attorney was ineffective by not resisting the State's motion to consolidate two pending prosecutions into a single trial. He next claims his direct-appeal and postconviction counsel delivered subpar representation by failing to allege trial counsel was ineffective for not seeking a limiting instruction at the consolidated trial. Because Moody fails to show the reasonable probability of a different outcome had trial counsel lobbied for separate trials, we affirm the denial of postconviction relief. Because the record is inadequate to assess his second claim, we preserve it for any subsequent postconviction-relief action.

## I.     Prior Proceedings

In June 2011, the State filed a trial information (FECR008010) charging Moody with two counts of cocaine delivery, in violation of Iowa Code section 124.401(1)(c)(2) (2011), related to controlled drug buys with informant Angela Bollin that occurred in January 2011. Moody's October 2011 trial on those offenses ended in a mistrial due to a hung jury.

In May 2012, the State charged Moody in a three-count trial information (FECR008227) with delivery of cocaine, in violation of section 124.401(1)(c)(2), related to a controlled buy with informant Trevelt Washington on January 5, 2012; money laundering, in violation of section 706B.2(1)(a), alleged to have occurred on January 20, 2011; and possession of marijuana, in violation of section 124.401(5), alleged to have occurred on May 2, 2012.

Moody's new defense attorney, retained after the mistrial, filed a motion in limine asking to exclude references to "his prior charges for possession and delivery of a controlled substance and the proposed testimony of Angela Bollin as it relates to alleged controlled buys not at issue in this matter." In ruling on the defense motion, the district court was satisfied the State had authenticated the text messages between Moody and informants Bollin and Washington. The court decided the messages would be admissible "subject to a showing of relevancy."

In December 2012, the State moved to consolidate the two cases for trial. The motion asserted the court had entered an order in FECR008227 permitting Bollin's testimony on the January 2011 events as relevant to the money-laundering count. The motion continued: "Because the evidence will be exactly the same and include all charges contained in FECR8010, the State moves to combine these charges for purposes of trial." The defense filed a response, stating: "In light of the court's ruling on the motion in limine, the defendant concedes judicial economy would be served by a joint trial on these matters." Moody's January 2013 jury trial ended in guilty verdicts on all five charges. He received a prison sentence not to exceed forty-five years.

In Moody's direct appeal, our court affirmed the four drug counts, but reversed the money-laundering conviction. *State v. Moody*, No. 13-0576, 2014 WL 5861263, at *13 (Iowa Ct. App. Nov. 13, 2014) (deciding defense counsel failed to argue proper interpretation of money-laundering statute in motion for judgment of acquittal).

In February 2015, Moody filed an application for postconviction relief alleging several deficiencies in the performance of his second trial counsel. In

April 2016, the district court held a postconviction hearing at which the parties submitted the deposition testimony of Moody and trial counsel. Counsel described the uphill battle he faced in Moody's defense:

> The State had compiled, I want to say hundreds of pages, might be thousands. It was a lot of data from his cell phone. It was text messages that had gone back and forth from a phone that was reported to belong to Mr. Moody. A lot of those text messages referenced drug-dealing activity, specifically with Ms. Bollin, who was somebody who had done controlled buys, I believe, in the first set of charges. . . . And of course the evidence was incredibly damning. I mean, it was a lot of evidence. There was definitely drug-dealing activity going on.

The underlying criminal trial record was accepted as a joint exhibit. In August 2016, the district court issued its order denying postconviction relief. On the issue of consolidating the cases for trial, the district court ruled, "Moody offers no proof how his cases would have resulted in a better outcome had [defense counsel] resisted the motion to consolidate." Moody appeals that ruling.

## II. Scope and Standards of Review

We review postconviction relief rulings for corrections of errors at law unless they raise constitutional issues, in which case our review is de novo. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). Here, Moody's claims of ineffective assistance of counsel call for de novo review. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (noting such claims are grounded in the Sixth Amendment to the United States Constitution).

To succeed, Moody must establish: (1) his counsel failed to perform an essential duty, and (2) that failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Reversal is warranted only where a claimant makes a showing of both elements." *Dempsey*, 860 N.W.2d at 868. If a

claimant fails to establish one of the elements, we need not address the other. *Id.* (emphasizing court's option to decide prejudice prong without addressing whether attorney performed deficiently).

### III. Analysis of Ineffective-Assistance-of-Counsel Claims

### A. Concession to Case Consolidation

In his evidentiary deposition, Moody's criminal trial attorney testified he was not happy with the district court's decision on the defense motion in limine filed before the second trial: "I thought it was the wrong ruling and I couldn't believe they were going to be able to get all that evidence in."

But once the court reached that threshold determination of admissibility, counsel made the following assessment:

> [S]o with all of that evidence sitting there and being able to be used, essentially we were going to go through the exact same trial twice. So I had a conversation with Mr. Moody about that pending motion to consolidate, the fact that I didn't know if the court would grant that or not, but that essentially meant that he was going to have two of the exact same trials and the State was going to be able to use the same kind of evidence and try to convict him twice. And we decided not to resist that and just do it in one shot.

In this appeal, Moody contends his criminal trial counsel was wrong in assuming the district court's ruling that the text-message evidence was admissible in the later-filed case (FECR008227) meant it would be admissible in the case (FECR008010) that ended in the hung jury. Moody also asserts in his postconviction appellate brief that direct-appeal counsel and postconviction-trial counsel were ineffective "in failing to articulate the relevant arguments."

We conclude Moody has not met his burden to show he suffered *Strickland* prejudice as a result of the performance of any of his three previous

attorneys on the consolidation issue. Moody is unable to show that had his criminal trial counsel resisted the State's motion to consolidate, a reasonable probability existed that (1) Moody would have had two separate trials, (2) Moody's text-message exchanges with Bollin post-dating the first cocaine deliveries would have been excluded in the retrial of the original charges (FECR008010), and (3) as a result he would not have been convicted on all four drug charges.

As an initial matter, the district court did not need Moody's consent to grant the State's motion to consolidate the two cases for trial. Iowa courts apply the same test for consolidating prosecutions initiated by separate trial informations into one trial as they would for deciding if two or more indictable offenses may be joined in a single trial information under Iowa Rule of Criminal Procedure 2.6(1). *See State v. Lam*, 391 N.W.2d 245, 249-50 (Iowa 1986) (discussing joinder rule and its similarity to consolidation of separate charges for trial in *State v. Trudo*, 253 N.W.2d 101, 104 (Iowa 1977)).

> Rule 2.6(1) provides:
>
> Two or more indictable public offenses which arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan, when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

The phrase "common scheme or plan" refers to a series of separate transactions or occurrences which have "a single or continuing motive." *See State v. Elston*, 735 N.W.2d 196, 198-99 (Iowa 2007). To detect a common scheme or plan, courts look at "intent, modus operandi, and the temporal and geographic

proximity of the crimes." *Id.* (finding joinder proper where Elston was motivated by sexual desire to victimize children and acts occurred in close geographic proximity, though there was no temporal proximity and modus operandi was dissimilar).

In Moody's cases, the continuing motive was to bring in cash by selling cocaine. All the cocaine deliveries occurred in Keokuk, all were processed by corresponding with customers via text message or phone call, and all were completed by meeting in person to make the sale. While the crimes spanned more than one year, the money-laundering count in the later-filed case (FECR008227) allegedly occurred the same day as the deliveries in the first case (FECR008010), tying together the time frames. Although our court ultimately reversed the money-laundering count on direct appeal, that action did not change the validity of the district court's consolidation of the two cases for trial.[1] Accordingly, resistance by Moody's counsel would not have prevented consolidation of the cases into a single trial.

Further, Moody fails to show a reasonable probability existed that he would not have been convicted of the deliveries alleged in the first case (FECR008010) but for the consolidation. We are not convinced the hung jury in

---

[1] Moody's attorney for this postconviction appeal asserts:
> Although counsel cannot articulate it, there is something inherently wrong with the procedural posture of this case in that [the money-laundering count] was used to justify the admission of all this 'bad acts' evidence, yet it was dismissed on the basis that the State failed to present sufficient evidence to support conviction.

It is not our place to articulate Moody's argument for him. *See State v. Piper*, 663 N.W.2d 894, 913 (Iowa 2003) (declining to consider one-sentence appellate claim presented without analysis), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545 (Iowa 2010).

the first trial supports Moody's assertion of prejudice. The State presented additional incriminating evidence at the second trial. Moody has not established the text messages between Moody and Bollin postdating the deliveries, offered to show Moody possessed cocaine and had the intent to sell it, would have been inadmissible as other bad acts. *See* Iowa R. Evid. 5.404(b); *see also State v. Putman*, 848 N.W.2d 1, 8-16 (Iowa 2014) (setting out test for admissibility). Moody has not carried his burden to prove acquittal on the original charges was reasonably probable had the matters been tried separately. Coming up short on the prejudice prong, Moody's postconviction claim concerning consolidation fails.

## B. Failure to Request Limiting Instruction

We next turn to Moody's argument that his direct-appeal counsel and postconviction trial counsel were ineffective for not flagging criminal trial counsel's failure to request a cautionary instruction regarding the use of the text-message evidence as it related to the later-filed trial information (FECR008227). He complains the jury "was never informed of the limited nature of the evidence presented against him in the form of [rule] 5.404 evidence."

The State acknowledges an applicant may raise a claim of ineffective assistance of postconviction trial counsel on appeal from the denial of postconviction relief. *See Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994). The State also acknowledges we lack a sufficient record to explain why Moody's postconviction-trial counsel may have decided not to raise the issue concerning a limiting instruction. Given these acknowledgments, we opt to preserve the

limiting-instruction claim for any further postconviction proceedings.[2]  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also Fetters v. State*, No. 03-1088, 2004 WL 793729, at *3 (Iowa Ct. App. Apr. 14, 2004) (finding record inadequate and preserving claims of ineffective assistance of postconviction-trial counsel).

**AFFIRMED.**

Danilson, C.J., concurs; McDonald, J., concurs specially.

---

[2] The special concurrence misinterprets Iowa Code section 814.7.  That provision, enacted in 2004, describes "the procedure to bring a claim of ineffective assistance of counsel" in a criminal case.  *See Hannan v. State*, 732 N.W.2d 45, 51 (Iowa 2007) (explaining section 814.7 "remedies the evil that occurs when litigants must raise ineffective assistance of counsel claims without an adequate record"). Section 814.7 does not control claims of ineffective assistance of counsel in postconviction-relief actions and does not limit the ability of appellate courts to reserve such claims for further evidentiary hearings.  *See Dunbar*, 515 N.W.2d at 15 (deciding, on appeal from denial of postconviction relief, whether claim postconviction counsel was ineffective "may be addressed in this appeal or preserved for further postconviction proceedings"); *Schertz v. State*, 380 N.W.2d 404, 412-15 (Iowa 1985) (same).

**MCDONALD, Judge** (concurs specially)

I concur in the judgment, but I dissent from that portion of the majority opinion preserving Moody's claim of ineffective assistance of postconviction counsel for another round of postconviction-relief proceedings. There is no statute authorizing preservation of such a claim for subsequent postconviction-relief proceedings. Iowa Code section 814.7(3) authorizes the preservation of ineffective-assistance-of-counsel claims only on direct appeal from a "criminal proceeding." Iowa Code § 814.7(3) (2015) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). "[P]ostconviction relief proceedings are not criminal proceedings, but rather are civil in nature and are triable at law to the court." *Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991) (emphasis in original omitted). Because a postconviction-relief proceeding is a civil proceeding rather than a "criminal proceeding," section 814.7(3) is inapplicable here. We thus have no authority to "preserve" a claim of ineffective assistance of postconviction counsel. *See Moore v. State*, No. 15-1779, 2017 WL 2461427, at *13 (Iowa Ct. App. June 7, 2017); *Cole v. State*, No. 15-0344, 2016 WL 7395722, at *2 (Iowa Ct. App. Dec. 21, 2016). Moody may file another application for postconviction relief and assert this or any other claim. However, the timeliness and propriety of any such application, claim, or claims would be governed by chapter 822.