# IN THE COURT OF APPEALS OF IOWA

No. 17-2097
Filed December 19, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLAY THOMAS PAULSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

Clay Thomas Paulson appeals his convictions for possession of a controlled substance, a tax stamp violation, and possession of a prescription drug without a prescription. **AFFIRMED.**

Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Boone police officers stopped a vehicle they suspected of being stolen. The driver fled the scene, leaving a man in the backseat and Clay Thomas Paulson in the front passenger seat. The vehicle was impounded and inventoried. Officers seized a black backpack covered with white stars from the floorboard where Paulson had been sitting. The backpack contained drugs.

The State charged Paulson with possession of a controlled substance with intent to deliver, a tax stamp violation, and possession of a prescription drug without a prescription. *See* Iowa Code §§ 124.401(1)(c)(7); 453B.12; 453B.3, 453B.1; 155A.21 (2016). A jury found him guilty as charged.

On appeal, Paulson contends (1) the evidence was insufficient to support the findings of guilt and (2) the district court erred in admitting hearsay statements.

**I.      *Sufficiency of the Evidence***

The jury was instructed the State would have to prove Paulson "knowingly possessed" a controlled substance, taxable substance, and prescription substance. Paulson contends the State failed to prove this element.

The State's case hinged on establishing constructive possession of the backpack, which was defined for the jury as follows:

> A person who, although not an actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.

Paulson does not seriously dispute the fact that the backpack was found on the floorboard of the front passenger seat. He focuses on the absence of "physical evidence that linked [him] to the backpack and the items located in it." He acknowledges a woman who occupied the vehicle on the night before the stop identified the backpack as his. But he minimizes her testimony on the ground that she did not tie the drugs to him and could not speak to the whereabouts of the backpack after she exited the vehicle.

The jury was free to assign whatever weight it chose to the occupant's statement. *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). The woman identified Paulson as the owner of the bag and, without prompting by the questioning officer, described it as "a star backpack." A records custodian testified the backpack was maintained in the evidence room after it was seized. A reasonable juror could have found that the woman's statement together with the location of the backpack at Paulson's feet established the constructive possession element of the crimes. *See State v. Peniska*, No. 13-1683, 2014 WL 6681397, at *5 (Iowa Ct. App. Nov. 26, 2014) (finding sufficient evidence to support the jury's finding of guilt based in part on woman's statement that drugs in car belonged to the defendant).

Although the evidence we have described was sufficient to support a finding of constructive possession, a reasonable juror also could have considered text messages between Paulson and another man that were indicative of drug activity. *See State v. Reed*, 875 N.W.2d 693, 706 (Iowa 2016) (finding sufficient evidence of constructive possession of drugs based in part on the fact that defendant's "cell phone had sixty-nine calls of less than one minute during a three-day period and

text messages arranging visits and referencing 'crack,' also indicative of drug trafficking"). We recognize Paulson challenges the district court's admission of the text messages. But "[i]n determining whether retrial is permissible all the evidence admitted during the trial, including erroneously admitted evidence, must be considered." *State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003). Accordingly, the jury could have elected to assign weight to this evidence.

We conclude the jury's findings of guilt on all three crimes were supported by substantial evidence. *See Reed*, 875 N.W.2d at 704 (setting forth standard of review).

## II. *Admission of Text Messages*

As noted, the State sought to admit text messages between Paulson and another individual. Paulson objected on hearsay grounds and also argued the messages were inadmissible prior-bad-acts evidence. *See* Iowa R. Evid. 5.403. The district court overruled the rule 5.403 objection and did not rule on the hearsay objection.

On appeal, Paulson argues the "trial court erred when it admitted hearsay statements in the form of pictures of text messages from [another] person." The State responds that the hearsay objection was not preserved for review because the district court failed to rule on that particular objection. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

The Iowa Supreme Court has declined to apply error preservation rules where a party seeks to affirm an evidentiary ruling on an alternate ground. *See*

*DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) ("Notwithstanding our error preservation requirement, we have consistently applied an exception to it. That exception applies to evidentiary rulings, whether the error claimed involved rulings admitting evidence or not admitting evidence."); *cf. State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016), *as amended* (May 5, 2016) ("[W]e recognize we may affirm a ruling on the admission of evidence by using a different rationale than relied on by the district court. However, the rule described in *DeVoss* is discretionary, and we must be careful not to exercise our discretion to decide an issue concerning the admissibility of evidence on an alternative ground when the parties have not had an opportunity to properly develop or challenge the foundation for the evidence." (internal citation omitted)). Here, Paulson seeks to reverse the evidentiary ruling on an alternate ground. As the State notes, "the record supporting a specific hearsay analysis is not as developed as it might have been." We agree.

We affirm the district court's evidentiary ruling on the uncontested 5.403 ground, without prejudice to Paulson's right to raise the hearsay issue in a postconviction relief action. *See Hannan v. State,* 732 N.W.2d 45, 50 (Iowa 2007) ("Section 814.7 allows a defendant to raise ineffective-assistance-of-counsel claims for the first time in PCR proceedings."); *cf. State v. Harris*, ___ N.W.2d ___, ___, 2018 WL 5851066, at *1 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court . . . should not consider the claim . . . ."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[W]e hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so,

they are not required to make any particular record in order to preserve the claim for postconviction relief.").

**AFFIRMED.**