Terry Lynn SCHULER n/k/a Terry Lynn Stevens, Appellee,

v.

James Arnold RODBERG, Appellant.

No. 92–1948.

Supreme Court of Iowa.

May 25, 1994.

Kolleen K. Samek, Des Moines, for appellant.

Ronald A. Baybayan, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

In this appeal we review the district court's determination that our child support guidelines apply to modify the support amount established in a paternity action. We affirm. Our review is de novo, the trial court's determination of law not precluding our review of errors of law. Iowa R.App.P. 4; *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 862 (Iowa 1991).

In 1985, James Rodberg was adjudged the father of Ryan Paul Schuler and ordered to pay fifty dollars a week in child support. On May 4, 1992, the child's mother, Terry Lynn Schuler, n/k/a Terry Lynn Stevens filed a motion for modification of the child support alleging a substantial change of circumstances. The trial court found there was not a substantial change of circumstances. Nevertheless, the court increased the child support by more than double, to $502 per month, by applying the child support guidelines under Iowa Code section 598.21(9) (1993). That section states in relevant part:

> Notwithstanding subsection 8, a substantial change of circumstances exists when the court order for child support deviates by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to subsection 4.

The trial court found a more than ten percent deviation.

Appellant, James Rodberg, claims the trial court erred because section 598.21(9) cannot be used to modify child support set in a paternity action. The argument is based on the claim that chapter 598 addresses problems of dividing marital property and is irrelevant to a paternity action. *See, e.g.,* Iowa Code § 598.21(2). Further, subsection 598.21(9) does not mention paternity actions, indicating an intentional omission, whereas paternity issues are mentioned in section 598.21(8). Iowa Code section 600B.25 establishes paternity obligations by referring specifically to section 598.21(4) which authorizes uniform child support guidelines.

Upon a finding of paternity, section 600B.25 requires the court to fix child support pursuant to section 598.21(4), which refers to the child support guidelines. Section 598.21(9) states a substantial change of circumstances exists when the previously ordered child support deviates by ten percent or more from the guideline amount under section 598.21(4). Because we believe subsections (4) and (9) are interrelated we must consider section 598.21(9) in connection with the mother's application to modify the paternity child support amount.

Even though section 598.21(9) commences with the phrase "notwithstanding subsection 8," it is clear that it is an addition to those reasons listed in subsection 8 as supporting a substantial change of circumstances, rather than a diminution. Thus, a ten percent or more deviation constitutes a substantial change of circumstances even if the reasons listed under subsection 8 are not met. The two statutes are in pari materia. When statutes relate to the same subject

matter or to closely allied subjects they are said to be in pari materia and must be construed, considered and examined in the light of their common purpose and intent so as to produce a harmonious system or body of legislation. *Rush v. Sioux City,* 240 N.W.2d 431, 445 (Iowa 1976); *In re Marriage of Cernetisch,* 376 N.W.2d 598, 600 (Iowa 1985). We also note our interpretation of the paternity chapter, 600B, that the parents of an illegitimate child owe it the same duty of support as is owed to a child affected by a dissolution case. *Moen v. McNamara,* 272 N.W.2d 438, 442 (Iowa 1978). The Supreme Court has also held that barring a child from recovery of a benefit to which other children are entitled, simply because the child is illegitimate, violates equal protection under the Fourteenth Amendment to the United States Constitution. *Levy v. Louisiana,* 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436, 439 (1968). We hold that section 598.21(9) applies to modification of child support amounts established in paternity actions.

Appellant Rodberg next argues that section 598.21(9) is not applicable to the case at bar because it became effective on July 1, 1992, after this action was commenced. Appellee Schuler filed her application for modification on May 4, 1992. The case proceeded to trial on December 2, 1992; a written decision issued on December 3, 1992.

The trial court applied the statute, reasoning that the statute announced an objective standard by which a substantial change of circumstances could be determined. As such, there was no sound reason for not applying it at the time the case was heard. Further, the trial court observed that a second application for modification could be filed so that a failure to address the merits in the case at bar would waste judicial resources.

■ In response, Rodberg claims that the retrospective application of the statute adversely affects his substantive rights. *See Smith v. Korf, Diehl, Clayton & Cleverley,* 302 N.W.2d 137, 138 (Iowa 1981). He also asserts that the result is that appellee Schuler is relieved of her burden of proving a substantial change of circumstances in effect at the time she filed her application.

Iowa Code section 4.5 states: "A statute is presumed to be prospective in its operation unless expressly made retrospective." We have applied the rule with differing results depending on legislative intent. *See First Nat'l Bank in Fairfield v. Diers,* 430 N.W.2d 412, 414–15 (Iowa 1988); *Clemens Graf Droste Zu Vischering v. Kading,* 368 N.W.2d 702, 715 (Iowa 1985). We have also recognized that remedial and procedural statutes are exceptions to the general rule and may be applied retroactively. *Clemens,* 368 N.W.2d at 715. In *State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 210 (Iowa 1982), we said:

> [Retrospectivity] is relevant only to statutes that create or take away vested rights. The point is illustrated by cases construing section 4.5, which states that a statute "is presumed to be prospective in its operation unless expressly made retrospective." Section 4.5 is taken from section 14 of the Uniform Statutory Construction Act, which the drafters pointed out is not intended to apply to remedial or procedural statutes. Thus, notwithstanding section 4.5, the court has applied remedial and procedural statutes to proceedings pending on the effective date of the enactment. Moreover, even when only part of an enactment is remedial or procedural, effect is ordinarily given to that part.

(Citations omitted.) *See also State ex rel. Leas,* 303 N.W.2d 414, 419 (Iowa 1981).

Applying these principles, it is obvious that there is no vested right of a parent to undersupport a child. Moreover, the ten percent deviation statute creates a remedy and sets the procedure for its effectuation. We hold section 598.21(9) is a remedial and procedural statute. The trial court properly applied it to the proceedings at the time of trial of the case.

**AFFIRMED.**