## IN THE COURT OF APPEALS OF IOWA

No. 23-1789
Filed July 24, 2024

**KRISTOFOR KEPPY,**
    Plaintiff-Appellant,

**vs.**

**JENNIFER WEST,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

A father appeals the district court's denial of his application to modify the physical-care and child-support provisions of a custody-and-support order under Iowa Code chapter 600B (2022) and its refusal to hold the children's mother in contempt for alleged violations of that order. **AFFIRMED.**

Kristofor Keppy, Dixon, self-represented appellant.

Justin A. Teitle of Teitle Law Offices, P.C., Bettendorf, for appellee.

Considered by Badding, P.J., Langholz, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Judge.**

"[H]e'll come back when he wants to come back." That was all Jennifer West could say to explain the absence of Kristofor Keppy to their two children when he vanished in the midst of a paternity proceeding that he had started. Despite Keppy's continued absence at the time of trial, the court awarded the parties joint legal custody and gave Keppy visitation rights while placing the children in West's physical care. But Keppy did not exercise those rights. He remained absent from the children's lives for about two years.

And then, after the Child Support Recovery Unit began contempt proceedings against Keppy for failing to pay his child-support obligation, he filed this modification proceeding. He sought to place the children in his physical care or to reduce his child-support obligation because of his alleged inability to work due to a disability. He also asked the court to hold West in contempt for allegedly violating the visitation provisions of the existing child-custody order in three ways. The court denied all those requests. And Keppy now challenges those decisions on appeal.

But Keppy has failed to preserve error on many of the issues he now raises on appeal because—as he concedes—the district court did not decide them and he did not ask the court to expand its ruling to address them under Iowa Rule of Civil Procedure 1.904. On the one issue that is preserved—the denial of his request to modify his child-support obligation—we defer to the court's finding that his reduction in income is self-inflicted and cannot support modification of his child-support obligation. We thus affirm the district court and award West $6000 in appellate attorney fees.

## I.      Background Facts and Proceedings

Keppy and West share two daughters, born in 2014 and 2016.  The parties were never married.  And after they separated, West assumed care of the children.  Keppy visited the children only sporadically.   In May 2019, he filed a paternity action, and West counterclaimed for custody, visitation, child support, and related matters.  In April 2020, while the case was pending, Keppy stopped visiting the children and participating in the case entirely.

Four months later, the district court ruled on West's counterclaims, finding Keppy "in default by failing to appear for trial."  The court awarded the parties joint legal custody and placed the children in West's physical care.  It granted Keppy "visitation with the minor children every other weekend on Saturday from 10:00 a.m. to 6:00 p.m. and on Sunday from 10:00 a.m. to 6:00 p.m." and reiterated that the visitation is "not overnight."  The court also set a schedule for holidays for the same hours.  But since Keppy had "not been exercising his court-ordered visitation," the court required Keppy to give forty-eight hours "advance notice of his intent to exercise a visitation period" or else "he shall forfeit that visitation period."  And it required Keppy to provide any transportation needed for the children.

The court also ordered West and Keppy to "cooperate to ensure that each parent has an opportunity to spend time with the children on the children's respective birthdays."  And it ordered West to list Keppy as a parent of the children with their school.  Finally, the court ordered Keppy to pay West $611.09 in child support monthly.

In February 2022, the Child Support Recovery Unit ("CSRU") started contempt proceedings against Keppy for willful failure to pay at least $12,823.71

owed in child support. Two months later, Keppy emailed West seeking to restart his visitation, writing, "My mom will be contacting you about picking up the girls this weekend (Saturday) for a few hours. Discuss details with her." The same month, he also petitioned for modification—seeking to place the children in his physical care instead of West's or alternatively to reduce his child-support obligation. And he sought to hold West in contempt for various violations of the custody order. West filed for contempt against Keppy as well—for his failure to pay child support. And the CSRU thus voluntarily dismissed its contempt application.

The claims evolved a bit over the next year or so. But by the two-day hearing in August 2023, Keppy was still seeking modification of the children's physical-care placement, arguing that behavior issues one of the children was having at school, the parties' difficulty communicating, and West's conduct towards him were substantial and material changes in circumstances warranting the modification. He was also still seeking to modify his child-support obligation because his earning capacity was allegedly reduced as a result of a medical condition. And he was seeking to hold West in contempt for twice denying him visitation in April and July 2022, failing to list Keppy as a parent at the children's school, and preventing Keppy from seeing the children on their birthdays.

The district court denied Keppy's modification petition. On his request to modify the physical-care placement, the court found "that there has not been a substantial change in circumstances since the time the decree was entered that was not contemplated at the time the decree was entered." The court reasoned that Keppy's decision to "re-enter[] his children's lives was contemplated at the time the decree was entered" and rejected as "absurd" the argument that "he is

more available to the children because he does not work." The court addressed no other potential change of circumstances raised by Keppy.

The court also rejected his request to modify child support, explaining that "Keppy has not proven that he has a different earning capacity than he had when the original order was entered." Rather, the court found that he was "intentionally avoiding earning an income." In reaching these findings, the court did not dispute that "Keppy has an ailment that he suffers from." But it implicitly found Keppy's claims not credible "given the indicia of physical ability, the extensive filings that Mr. Keppy has maintained throughout this litigation process, and the denial of [disability] benefits from the social security" administration and the fact that "[t]here is nothing in any of the medical records noting that [he] has any restrictions."

And the court refused to hold West in contempt. It considered Keppy's evidence that West had twice denied his visitation in April and July 2022. But it found that Keppy had failed to meet his burden of proof to show that West violated the visitation provisions of the custody order. The court did not address Keppy's two other grounds for contempt. Keppy did not move for reconsideration or enlargement of the court's ruling under Iowa Rule of Civil Procedure 1.904(2). Instead, he filed this appeal.

## II.      Error Preservation: Contempt and Modification of Physical Care

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). So when the district court does not rule on an issue raised by the losing party, that party must file a motion under Iowa Rule of Civil Procedure 1.904(2), asking the court to

decide the issue before the party can appeal that issue. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). This gives the district court a chance to correct the error itself "at a time when corrective action can be taken." *In re Marriage of Heiar*, 954 N.W.2d 464, 470 (Iowa Ct. App. 2020) (cleaned up). And it ensures that we are acting as a court *of appeals*, reviewing a decision made by the district court rather than considering it for the first time on appeal. *See Meier*, 641 N.W.2d at 537. The requirement to preserve error applies even to modification proceedings that we review de novo. *See Okland*, 699 N.W.2d at 270.

With these principles in mind, we conclude that Keppy has not preserved error on his challenges to the district court's refusal to hold West in contempt or its denial of his request to modify the physical-care placement of the children. On the contempt issue, Keppy challenges the district court's failure to consider two grounds on which he sought to hold West in contempt. In the district court, he urged that West should be held in contempt for *three* alleged violations of the original custody order: (1) denying his visitation twice—in April and July 2022; (2) failing to list Keppy as a parent at the children's school; and (3) preventing Keppy from seeing the children on their birthdays. But he concedes that the district court only decided the first claim and did not rule on his second and third claims. And after seeing the district court's decision, he did not ask the court to address those two undecided claims with a motion under rule 1.904(2), which would have given the district court a chance to correct the error itself "at a time when corrective action can be taken." *Heiar*, 954 N.W.2d at 470 (cleaned up). He thus failed to preserve error. *See Okland*, 699 N.W.2d at 270. So we cannot consider his challenge now on appeal. *See id.* And because he makes no argument about the

district court's one contempt decision that is preserved for our review, we affirm the district court's contempt ruling.

Similarly, Keppy's challenge to the district court's ruling that there was no substantial and material change in circumstances warranting modification of the children's physical-care placement rests on his argument that the court did not consider his claimed changed circumstances. He concedes the court did not address his arguments and asks for a remand. But again, he needed to file a 1.904 motion asking the court to address these issues first to preserve them for our appellate review. *See id.*; *see also, e.g.*, *In re Marriage of Cohrs*, No. 03-0442, 2004 WL 433800, at *2 n.1 (Iowa Ct. App. Mar. 10, 2004); *In re Marriage of Bouchard*, No. 16-1256, 2017 WL 936182, at *3 (Iowa Ct. App. Mar. 8, 2017). It would waste judicial and party resources to go through the exercise of an appeal and remand and then possibly another appeal—all to address a matter that could have been corrected if brought to the court's attention with a 1.904 motion. Because Keppy has failed to preserve error on the issue, we affirm the district court's denial of his petition to modify physical care because he failed to prove a substantial change in circumstances.[1]

---

[1] We recognize that Keppy also challenges the district court's best-interests-of-the-children analysis. But to succeed in his physical-care modification request, Keppy must first show a substantial and material change in circumstances arose after entry of the order that relates to the children's welfare, is more or less permanent, and was not originally contemplated by the court. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015); Iowa Code § 600B.40(2) (2022). Because we affirm the district court's ruling that he failed to show such a change, Keppy cannot succeed in modifying physical care no matter which physical-care placement would be in the children's best interest. So we do not consider that issue further.

### III.      Modification of Child Support

Turning to the one issue that is preserved for our appellate review, we consider the denial of a request to modify a child-support order de novo. *See Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005). But as with other modification decisions, "[w]e give weight to the district court's findings of fact" used in calculating the award amount under the child-support guidelines, especially when based on a credibility determination. *Id.* at 20 (cleaned up). And given the district court's "reasonable discretion in determining whether modification is warranted," we will not disturb that decision "unless there is a failure to do equity." *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006) (cleaned up).[2]

A court may modify an order of child support when the party requesting the modification shows a "substantial change in circumstances." Iowa Code § 598.21C(1). The court must consider "[c]hanges in the employment, earning capacity, income, or resources of a party" and "[c]hanges in the physical, mental, or emotional health of a party," along with other factors. *Id.* § 598.21C(1)(a), (e). But "a parent may not rely on a claim of decreased income to obtain a modification of a support order if the parent's reduced earning capacity and inability to pay support is self-inflicted or voluntary." *In re Marriage of Swan*, 526 N.W.2d 320, 323–24 (Iowa 1995). In other words, "parents who reduce their income through an improper intent to deprive their children of support or in reckless disregard for their children's well-being are not entitled to a commensurate reduction in child

---

[2] We apply the same standards for modification of child-support obligations under chapter 600B as we do for those imposed in dissolution proceedings. *See* Iowa Code § 600B.25; *Schuler v. Rodberg*, 516 N.W.2d 902, 903–04 (Iowa 1994).

support payments." *Id.* at 324; *see also In re Marriage of Walters*, 575 N.W.2d 739, 741–42 (Iowa 1998) (collecting cases on such reductions in earning capacity).

Keppy argues that the district court should have reduced his child-support obligation because of his alleged inability to work due to a disability. But the district court found that he had "not proven that he has a different earning capacity than he had when the original order was entered" and that he was instead "intentionally avoiding earning an income." And this is precisely the sort of fact-finding based on the court's assessment of Keppy's credibility that we give weight to. *See Markey*, 705 N.W.2d at 20. And we see no basis in the written record to second-guess it. We agree that Keppy failed to prove a substantial change of circumstances. And so, we affirm the district court's denial of Keppy's request to modify his child-support obligation.

## IV. Appellate Attorney Fees.

West requests $9430 in appellate attorney fees. We have discretion whether to award appellate attorney fees to "the prevailing party" in a modification proceeding under chapter 600B. Iowa Code § 600B.26. To guide our discretion, we consider the needs of the party requesting the award, the other party's ability to pay, the relative merits of the appeal, and whether the party had to defend the district court's decision on appeal. *Hensch v. Mysak*, 902 N.W.2d 822, 827 (Iowa Ct. App. 2017). Considering West's success in a proceeding brought largely to keep Keppy from having to pay her child support, yet mindful of the parties' relative abilities to pay, we award West $6000 in appellate attorney fees.

**AFFIRMED.**